UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SERGIO GARRIDO, ET AL.,           )
                                  )
        Plaintiffs,               )
                                  )          CIVIL ACTION NO.
VS.                               )
                                  )          3:07-CV-1502-G
ROBERT S. MUELLER, III, Director, )
Federal Bureau of Investigation, ET AL., )   **ECF**
                                  )
        Defendants.               )

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendants, Robert S. Mueller, III, Michael Chertoff, and David Roark (collectively, "the defendants" or "the government), to dismiss the suit of the plaintiffs, Sergio Garrido ("Garrido") and Sandra Selene Millan (collectively, "the plaintiffs"), for lack of jurisdiction, or in the alternative, for failure to state a claim. For the reasons set forth below, the defendants' motion is denied.

I.  BACKGROUND

On June 22, 2004, Garrido and his wife, Sandra, filed Applications for Adjustment of Status forms (I-485) with the United States Citizenship and

Immigration Services ("USCIS"). After waiting more than three years for a response, this suit was filed on September 5, 2007, to compel a decision on their applications for adjustment of status.

The plaintiffs seek a writ of mandamus compelling the government to perform its official duty of adjudicating the plaintiffs' I-485 applications. *See* Plaintiffs' Response at 3. Additionally, the plaintiffs seek relief under the Administrative Procedures Act ("APA"), asserting that a three-year delay in adjudicating their applications is unreasonable and therefore a violation of the APA. *Id.* The defendants move for dismissal pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II. ANALYSIS

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter. *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted). On a Rule 12(b)(1)

motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.' " *MD Physicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on:  "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413).  A party who believes jurisdiction is lacking may challenge the court's authority to decide the case by filing a motion to dismiss pursuant to Rule 12(b)(1). Once jurisdiction is challenged, the burden rests upon the party seeking to invoke the court's jurisdiction to prove that jurisdiction is proper. *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 516 U.S. 1071 (1996).

Additionally, a party may challenge the merits of the plaintiffs' case by filing a motion to dismiss pursuant to Rule 12(b)(6), which authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted.  First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovants

could prove no set of facts in support of their claims that would entitle them to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994). Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovants. See *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994). However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In addition, a court must not look beyond the pleadings when determining whether a complaint states a claim upon which relief may be granted. *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 499-500 (5th Cir. 1982), *cert. denied*, 464 U.S. 932 (1983).

A. Jurisdiction

The plaintiffs assert that jurisdiction arises either under 28 U.S.C. § 1361 (the "Mandamus Act") or the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(1).

The Mandamus Act vests courts with original jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The remedy of mandamus is generally viewed as "a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court*, 426 U.S. 394, 402 (1976). Mandamus relief is appropriate "only when

the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992) (internal quotation and citations omitted).

The APA requires an administrative agency to act upon matters presented to it "within a reasonable time," 5 U.S.C. § 555(b), and provides that federal courts "shall . . . compel agency action unlawfully withheld or unreasonably delayed . . . ." *Id.* § 706(1). Federal courts' jurisdiction is limited only when agency action is committed to agency discretion by law or specifically precluded; "[w]hen an agency's recalcitrance, inertia, laggard pace or inefficiency sorely disadvantages the class of beneficiaries Congress intended to protect, judicial review . . . is in order." *In re American Federation of Government Employees, AFL-CIO*, 790 F.2d 116, 117 (D.C. Cir. 1986) (internal quotation marks omitted).

Because compelling agency action is an extraordinary remedy regardless of the statute from which the remedy derives, relief is appropriate, and jurisdiction lies, only when the plaintiff can establish "a clear right to the relief sought, a clear duty by the defendant to do the particular act, and that no other adequate remedy is available." *Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231 (5th Cir.), *cert. denied*, 537 U.S. 1049 (2002). The duty owed must be plainly defined, nondiscretionary, and free from doubt, and the act must be purely ministerial. See *Dunn-McCampbell Royalty Interest, Inc. v. National Park Service*, 112 F.3d 1283, 1288

(5th Cir. 1997).  Therefore, to show that jurisdiction is proper, the plaintiffs must show:  (1) that they have a clear right to have their applications adjudicated; (2) the government has a nondiscretionary duty to act; and (3) no other adequate remedy exists.

1. *The Government's Duty is Nondiscretionary*

First, with respect to the second prong, the government argues that the decision on adjustment of status is discretionary and that, as a result, this court does not have jurisdiction.  *See* Motion to Dismiss at 7.  While it is true that the decision of whether to grant adjustment of status is discretionary, it cannot be said that the government has discretion regarding whether or not to *make* that decision, whatever it may be.  See *Alsharqawi v. Gonzales*, 2007 WL 1346667, at *3 (N.D. Tex. Mar. 14, 2007) (noting that "regardless of the ultimate decision, [the government has] a nondiscretionary duty to act on [the plaintiffs'] application[s].").  Additionally, under section 555(b) of the APA, the government must make the decision within a reasonable time.  *Id.* at *4.  Therefore, if the plaintiffs can present a clear right to relief, both the Mandamus Act and the APA authorize the court to compel adjudication of the outstanding applications.

2. *The Plaintiffs May Present a Right to Relief*

To show a clear and certain right to relief, the plaintiffs must establish a *prima facie* case that the government has failed to adjudicate their applications within a

reasonable time. See *Yu v. Brown*, 36 F.Supp.2d 922, 932 (D. N.M. 1999). The plaintiffs contend that the more than three year span from the time the applications were filed in June of 2004 to the present constitutes an unreasonable delay for the purposes of APA section 706(1). The government, on the other hand, argues that because there are no statutory or regulatory provisions that provide a "meaningful standard" against which to measure USCIS's process of adjudicating applications, the court cannot determine whether or not a "reasonable time" has elapsed. *See* Motion to Dismiss at 14-15 (citing *Heckler v. Cheney*, 470 U.S. 821, 830 (1985)). From the record before the court, it cannot be said whether or not the delay is or is not unreasonable. However, it is at least possible that the plaintiffs could prove a set of facts under their allegations that would show the delay is unreasonable.[1]

### 3. *No Other Adequate Remedy*

Next, the plaintiffs have established that no other adequate remedy exists. The Immigration and Nationality Act ("INA") provides the steps required for an applicant to obtain an adjustment of status, but provides no recourse to an applicant stuck in limbo due to a lengthy adjudication process. *Yu*, 36 F.Supp.2d at 932. Under the APA, the only recourse is in the courts. *See* 5 U.S.C. § 706(1).

---

[1] The plaintiffs did, however, provide support for their claim that the delay is unreasonable, citing, among other things, USCIS regulations that indicate any application pending for more than 180 days is considered "long delayed." *See* Plaintiffs' Response at 12-14; 8 U.S.C. § 1154(j); 8 U.S.C. § 1571(b).

### 3. *Section 1252 Does Not Deprive the Court of Jurisdiction*

Finally, the government argues that 8 U.S.C. § 1252(a)(2)(B) precludes judicial review of this case. *See* Motion to Dismiss at 7. Section 1252(a)(2)(B) eliminates judicial review of certain judgments and decisions relating to adjustment of status.[2] However, the plaintiffs here do not complain about a decision or action of the Attorney General. Rather, their complaint relates to the Attorney General's *failure* to decide or act. Accordingly, section 1252(a)(2)(B) does not strip the court of authority to entertain the plaintiffs' claim for mandamus.

### B. Failure to State a Claim

The plaintiffs have carried their burden and established that jurisdiction is proper. For essentially the same reasons the court holds that it has subject matter jurisdiction over this case, the court also concludes that the plaintiffs have stated a claim upon which relief can be granted. To overcome a Rule 12(b)(6) motion to dismiss, the plaintiffs must allege a factual scenario that would entitle them to relief. The plaintiffs have done so here.

---

[2] "Notwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to review--(i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or (ii) any other *decision* or *action* of the Attorney General . . . the authority for which is specified . . . to be in the discretion of the Attorney General . . . ."

8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added).

### III.  CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is **DENIED**.

**SO ORDERED**.

January 8, 2008.

_____
**A. JOE FISH**
**Senior United States District Judge**